## HEYE *v.* NORTH GERMAN LLOYD.

*(Circuit Court, S. D. New York. November 14, 1888.)*

**SHIPPING—GENERAL AVERAGE—BAGGAGE.**

A passenger's baggage. stowed in the baggage compartment of a steamship, and damaged by water in an attempt to extinguish a fire which threatened the safety of the vessel, is a subject of average contribution. ·

In Admiralty. Libel for damages. On appeal from district court, 33 Fed. Rep. 60.

Libel for damages to the contents of libelant's trunks, caused by fire on board respondent's steamer Ems. Decree for libelant, and an order of reference directed to ascertain the amount if not agreed on. Respondent appeals.

*W. G. Choate,* for appellant.
*R. D. Benedict,* for appellee.

WALLACE, J. The only question which has been argued upon this appeal is whether passengers' effects are a subject of average contribution when sacrificed under the conditions of necessity and common peril constituting a general average loss. The counsel for the appellant insists that they are not to be contributed for, but cites no authority directly to the point; and there seems to be no decided case in the courts of this country or England in which the question has been determined or considered. His argument is that passengers' effects do not contribute in a general average loss, and therefore should not be contributed for, because the principle of general average contribution is reciprocity of burden and benefit. But all the commentators without exception assert or assume as unquestionable, that passengers' effects are to be paid for in case of sacrifice. Even the English text writers do not question this. Thus it is stated in 1 Maude & P. Shipp. 434, 435:

"But although these [the wearing apparel, luggage, jewels, or other property of this description belonging to the passengers, on board for use, but not for traffic] do not contribute, it is apprehended that if ammunition, pas-

sengers' baggage, or other goods which are exempt are sacrificed for the general good, they must be paid for as other goods by general contribution."

See, also, Macl. Shipp. 634. Among our own text writers Mr. Phillips adverts to the question by quoting the language of Emerigon:

"The trunks of a passenger, thrown overboard for the general safety, must be contributed for; and why, if they are preserved, should they be exempted from contribution?"

He also quotes Benecke:

"Passengers ought to contribute for their trunks and luggage, because, if cast overboard, their value is allowed for." 2 Phil. Ins. § 1394.

There seems to be no American case in which the question has been considered whether passengers' effects contribute in general average to the payment of the loss. The argument that if they do not contribute they ought not to be contributed for is a legitimate one, and has commonly been invoked by the commentators to show that passengers' effects should contribute to the loss because they are contributed for. The doctrine that they do not contribute by the law of England is supported by the authority of Lord TENTERDEN and Chancellor Kent. But the former, after remarking upon the wisdom and equity of the rule that all are to contribute toward a loss sustained by some for the benefit of all, observes:

"The principle of the rule has been adopted by all commercial nations, but there is no principle of maritime law that has been followed by more variations in practice." Abb. Shipp. 474.

Chancellor Kent repeats this observation, and adds:

"And the rules of contribution in different counties, and before different tribunals, are so discordant, and many of the distinctions are so subtle and so artificial, that it becomes extremely difficult to reduce them to the shape of a connected and orderly system." 3 Kent, Comm. 235.

The court below, in deciding that such effects are to be contributed for, considered the question whether they also contribute, and concluded that they do. The opinion of the district judge is such a complete exposition of the whole subject upon authority and reason that any further discussion of the questions involved is wholly unnecessary, and would be superfluous. It is proper, however, to add to his citations, showing the views of the great admiralty authorities from the earliest ages that the effects of passengers, not in daily use or attached to the person, are to contribute in general average, some others which have been found by the counsel for the libelant. In Brown's Civil Law, vol. 2, p. 201, (published in 1802,) the law is stated as follows:

"All persons for whose benefit the act was done, the freighter, the master, the owner, the sailors, the passengers, must contribute. * * * All things in the ship, and the bodies of the men, [unless servants] must bear a proportionable share in the contribution. Doubts were formerly held whether money and jewels contributed, but they are now certainly included in the general rule."

In Jac. Sea Laws, translated by Wm. Frick, (published in 1818,) it is said:

"The trunks and effects of passengers are included in the adjustment of general average. The case does not often occur; but when it does, the question arises by what standard shall they be estimated. Cleirac, in his commentary upon the Rolle of Oléron, says: 'The passengers are required to have produced to the master previous proofs of the contents, or obtain indemnity only for the value of the empty trunk.'"

In Bedarride's Commentaire, vol. 5, the distinguished author, after quoting Emerigon and Pothier to the effect that passengers' baggage must contribute, says, (section 1848:)

"The Code having only repeated the words of the ordonance of 1681 we can, under it, accept as settled the principles taught by Emerigon and Pothier. Till now the question has not been raised. What has led to this result is that ordinarily the value of the passenger's baggage would not compensate for the delays or the expense of a settlement in general average, or the delays which would entail on navigation."

The decree of the district court is affirmed, with costs of this court.